**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| KYLE JOHN CONKLIN,<br><br>Plaintiff,<br><br>v.<br><br>KEYSTONE RV COMPANY,<br><br>Defendant. | CASE NO. 3:25-CV-820-HAB-ALT |

**OPINION AND ORDER**

Plaintiff Kyle John Conklin ("Conklin") is suing Keystone RV Company ("Keystone") for allegedly selling him a defective recreational vehicle ("RV"). Conklin alleges that Keystone RV breached express and implied warranties under the Indiana Commercial Code and violated the Magnuson-Moss Warranty Act ("MMWA"). He also asserts claims for violations of the Indiana Deceptive Consumer Sales Act.

Keystone moves to dismiss Conklin's complaint, arguing that all his claims are barred by statutory and contractual limitations. (ECF 15). That motion is fully briefed and ripe for ruling. (ECF 16, 21, 24).

**BACKGROUND**

On January 5, 2022, Conklin purchased his Keystone-manufactured RV from an authorized dealer in Virginia. (ECF 1, ¶ 4). When he purchased the vehicle, Keystone extended Conklin a one-year limited base warranty and three-year structural warranty. (*Id.*, ¶ 5; ECF 16-1, at 1–2). The warranties permitted Conklin to bring suit up to six months after their respective terms expired. (ECF 16-1, at 4). This means that under the contract, Conklin's limited base warranty ended on January 5, 2023, and his structural warranty ended on January 5, 2025. For any claims he might

have, the contract allowed him until July 5, 2023, to file a lawsuit under the limited base warranty and until July 5, 2025, to file a lawsuit under the structural warranty.

Problems emerged less than one year later. In November 2022, Conklin took the RV in for its first warranty repair to have the bedroom slide floor removed and replaced. (ECF 1, ¶ 6). In April 2023, the RV underwent repairs for several more defects. (*Id.*, ¶ 7). Despite the repairs, issues persisted. (*Id.*). Even more problems surfaced in June 2024. (*Id.*, ¶ 8). Further warranty repairs ensued, many structural, which took 76 days to complete. (*Id.*). Some repairs resulted in an altered appearance that diminished the RV's value. (*Id.*). Although the structural warranty expired in January 2025, two more warranty repairs still followed in March and July of that year. (*Id.*, ¶¶ 9–10). On June 12, 2025, a Customer Care Manager from Keystone emailed Conklin promising to repair issues he had already reported during the term of his structural warranty. (ECF 21-1). In that same chain, the manager instructed a Keystone dealership to "please disregard that he is outside of the 3-year structural warranty expiration date" because he reported the issues he was still having within the warranty period. (*Id.*). Despite all these repairs and assurances, Conklin asserts Keystone has failed to fix the defects. (ECF 1, ¶¶ 11–12).

## **LEGAL STANDARD**

Before filing an answer, a defendant in a civil lawsuit may move to dismiss a complaint if it fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508 n. 1 (2002). The facts must also be viewed in the light most favorable to the plaintiff. *In re HealthCare Compare Corp. Sec. Litig.,* 75 F.3d 276, 279 (7th Cir. 1996).

A statute of limitations defense is an affirmative defense, and ordinarily "complaints need not anticipate and attempt to plead around defenses." *United States v. N. Tr. Co.,* 372 F.3d 886, 888 (7th Cir. 2004). Accordingly, motions to dismiss based on failure to comply with the statute of limitations should be granted only in cases where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014). Put another way, district courts should only dismiss claims for statute of limitations reasons if those claims are "indisputably time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

If the moving party attaches evidence outside the pleadings to a motion to dismiss, the Court generally "must convert [the motion] into a motion for summary judgment . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). But "documents attached to a motion to dismiss" can be "considered part of the pleadings if they are referred to in the plaintiff's claim and are central to his claim." *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). "This exception applies particularly in cases of contractual interpretation." *Bloomer v. Thor Motor Coach Inc.*, 741 F. Supp. 3d 791, 797 (N.D. Ind. 2024) (citing *Levenstein*, 164 F.3d at 347).

The warranty appended to Keystone's motion to dismiss (ECF 16-1) is central to Conklin's claims. Other cases have held the same on motions to dismiss in RV warranty cases. *See, e.g.*, *Bloomer*, 741 F. Supp. 3d at 797; *Martin v. Thor Motor Coach Inc.*, 474 F. Supp. 3d 978, 982 (N.D. Ind. 2020). The email copy Conklin attached in his response brief (ECF 21-1) is not central to his claims. But Conklin is not the moving party. Thus, he "is free, in defending against a motion to dismiss, to allege [even] without evidentiary support any facts he pleases that are consistent

with the complaint." *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012) ("[A] party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove."). Accordingly, the Court may consider both the warranty and the email without converting Keystone's motion to dismiss into a motion for summary judgment.

**DISCUSSION**

Conklin voluntarily dismissed his Deceptive Consumer Sales Act claim in response to Keystone's motion. Because of this, Keystone's motion is granted as to that claim.

Keystone argues Conklin's other claims were not timely filed. Conklin does not dispute that he filed his lawsuit outside the relevant limitations periods. Instead, he adds new facts in his response to Keystone's motion and argues that the doctrine of equitable estoppel applies to his claims, tolling the applicable limitations periods.

Because the MMWA lacks its own statute of limitations, the Court "must borrow a limitations period from an analogous state cause of action." *Martin.*, 474 F. Supp. 3d at 982 (citing *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33-35 (1995)). The parties agree that Indiana law governs this dispute. Under Indiana law, the statute of limitations for breach of any contract for sale is normally four years after the cause of action accrues. Ind. Code § 26-1-2-725. But parties may reduce the limitations period by contract, so long as the period is not reduced to less than one year. *Id.* § 26-1-2-725(1). Claims typically accrue at the time of delivery. *Id.* § 26-1-2-725(2).

Equitable estoppel "is typically linked to claims of fraudulent concealment, but the doctrine also applies to other conduct that lulls a party into inaction" and "must be of a sufficient affirmative character to prevent inquiry or to elude investigation or to mislead and hinder." *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 383 (Ind. 2019) (emphases omitted)

(quoting *Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990)). "As masters of their deal, parties may bargain for their respective contractual rights and obligations, and they may include in their contracts specific tolling limitations." *Id.* at 382-383.

The parties agree Conklin filed this lawsuit beyond the limitations period for both the limited base and structural warranties.[1] The warranty also includes the following provision which limits the applicability of equitable estoppel:

> PLEASE NOTE: Any performance of repairs after the stated coverage periods expire or any performance of repairs to those portions of your RV excluded from coverage will be considered **"good will"** repairs and will not alter the express terms of the base and structural limited warranties.

(ECF 16-1, at 4).

Although Keystone made repairs after the expiration of both warranty periods, "[r]epair efforts alone won't equitably estop a limitations period under Indiana law, particularly when the parties say so by contract." *Jacobs v. Thor Motor Coach, Inc.*, 474 F. Supp. 3d 987, 996 (N.D. Ind. 2020). Giving this provision its plain and ordinary meaning, *see AM Gen. LLC v. Armour*, 46 N.E. 3d 436, 440 (Ind. 2015), it precludes equitable tolling based solely on Keystone's repairs after the warranty period expired. But the provision is silent on *promises to repair*.

*Jacobs* highlights how that is a meaningful distinction. The court there found that the warranty precluded equitable estoppel for repairs because the warranty stated that "repairs will not extend the time when you must commence a breach of warranty claim and shall not extend the warranty coverage period." *Jacobs*, 474 F. Supp. 3d at 996. But the court still denied the motion to dismiss in *Jacobs* because the defendant made affirmative promises after the warranty period expired that continuing repairs "would be 100% approved." *Id.* The court there also noted the

---

[1] Although statute of limitations for Conklin's claims is usually four years, Ind. Code § 26-1-2-725, the parties agree that the limitations periods here have been properly reduced to the terms laid out in the warranty.

similarity to *Kenworth*, where "the Indiana Supreme Court rejected the claim that repairs after the warranty period served merely as a 'goodwill warranty,' and found instead that repairs *and* promises to continue repairing the RV after the warranty period were enough to warrant a trial." *Jacobs*, 474 F. Supp. 3d at 997 (citing *Kenworth*, 134 N.E.3d at 385).

Conklin alleges that Keystone engaged in precisely the conduct that *Jacobs* and *Kenworth* say precludes dismissal. He alleges that Keystone Customer Care sent an email he was copied on that explicitly instructed a dealership to "please disregard that he is outside of the 3-year structural warranty expiration date" because he reported the items within the warranty periods. (ECF 21, at 3; ECF 21-1). While repairs alone would not be enough, Conklin plausibly claims that repairs *and* promises to repair were made after the limitations periods ran. This is enough to suggest equitable estoppel could apply. *See also Paramo*, 563 N.E.2d at 598 ("If one party is induced by another, on the faith of an oral promise, to place himself in a worse position than he would have been in had no promise been made, and if the party making the promise derives a benefit as a result of the promise, a constructive fraud exists . . . ."). Thus, the Court denies the motion to dismiss Conklin's remaining claims.

## CONCLUSION

For these reasons, Keystone's Motion to Dismiss (ECF 15) is GRANTED IN PART as to Conklin's Deceptive Consumer Sales Act claim. It is DENIED IN PART as to all other claims.

**SO ORDERED** on August 27, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT